IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
CHEYENNE PARRISH,

            Case No.:

        Plaintiff,

-against-            **COMPLAINT**

26 MOTORS CORP. and YOSEF AYZENCOT

       Defendants.
------------------------------------------------------------------X

    CHEYENNE PARRISH ("Ms. Parrish" or "Plaintiff") alleges against 26 MOTORS CORP., ("26 MOTORS") and YOSEF AYZENCOT ("AYZENCOT") (collectively, "Defendants") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff is a former Receptionist at Defendants' used car dealership located at 3981 Boston Road, Bronx, New York, 11235.

2. Defendants' payment schemes resulted in systematic underpayment of wages to Plaintiff in violation of the federal and state wage laws.

3. Plaintiff brings this action to recover unpaid wages owed to her pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") and the New York Labor Law ("NYLL") §§ 650 *et seq.* Plaintiff also brings claims for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq.*

4. Plaintiff alleges that Defendants willfully violated the FLSA and NYLL by (i) failing to pay the minimum wage rate and overtime premium pay; (ii) failing to provide the Notice of

Acknowledgement of Payrate and Payday under N.Y. Lab. Law §195.1, and (iii) failing to provide an accurate wage statement under N.Y. Lab. Law §195.3

5. Plaintiff alleges, pursuant to the FLSA and NYLL that she is entitled to recover from Defendants: (1) unpaid wages (2) unpaid overtime (2) penalties for wage notice violations (3) liquidated damages (4) interest and (5) attorneys' fees and costs.

6. In addition, Defendants filed fraudulent tax withholdings to the Internal Revenue Service ("IRS") for Plaintiff and similarly situated employees without withholding proper Federal and State tax, social security, FICA, and employee withholding deductions for all wages paid to Plaintiff. Accordingly, Plaintiffs brings this action pursuant to Internal Revenue Code 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the IRS.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New York state law.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action

under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## **PARTIES**

11. Plaintiff was and is a resident of New York County, New York.

12. Defendant 26 MOTORS was and is a domestic for-profit corporation organized under the laws of the State of New York, with a principle place of business at 3981 Boston Road, Bronx, New York 11235.

13. At all relevant times, Defendant 26 MOTORS also operates a business at 72-30 Queens Blvd, Woodside, New York 11377.

14. Defendant 26 MOTORS is licensed by the State of New York to operate as a full-service used car dealership.

15. That at all times relevant, Defendant 26 MOTORS has had gross revenues in excess of $500,000.00.

16. At least within each of the three (3) most recent years relevant to the allegations herein, Defendant 26 MOTORS was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has had employees engaged in commerce or in the production of goods for commerce or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have had an annual gross volume of sales of not less than $500,000.

17. Upon information and belief, Defendant YOSEF AYZENCOT was and still is a resident of State of New York.

18. At all times relevant to this action, Defendant AYZENCOT is an owner and operator of Defendant 26 MOTORS.

19. At all times, Plaintiff could complain to Defendant AYZENCOT directly regarding any of the terms of his employment, and Defendant AYZENCOT would have the authority to effect any changes to the quality and terms of Plaintiff's employment.

20. Defendant AYZENCOT exercised functional control over the business and financial operations of employees, including payments of wages, cash wages, recording hours, tax withholdings, wage notices, and adhering to Federal and State regulations for employment practices and compensation.

21. At all relevant times, Defendant AYZENCOT is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

22. Defendant AYZENCOT participated in the day-to-day operations of and acted intentionally in the direction and control of Plaintiff, his employment, and terms of his compensation.

23. As the Owner, Defendant AYZENCOT exercised control over the employment terms and conditions of the Plaintiff.

24. Defendant AYZENCOT exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

25. Defendant AYZENCOT exercised functional control over the business and financial operations of Defendant 26 MOTORS.

**FACTS**

26. Defendants own and operate used car dealership.

27. Plaintiff was employed by the Defendants as a non-exempt receptionist on or about September 1, 2019 through December 16, 2019, and regularly worked over forty hours a week.

28. Plaintiff performed non-exempt clerical work for Defendants, including, but not limited to, answering calls, responding to customer complaints, taking deposits, running credit-checks, and following up with customers.

29. During Plaintiff's employment with Defendants as a receptionist, she worked in excess of forty (40) hours per week.

30. Plaintiff routinely worked Monday through Thursday starting at 9 a.m. until 8 p.m. and on Sundays from 10 a.m. to 5 p.m.

31. Additionally, Plaintiff worked on Fridays from 9 a.m. to 6 p.m. from September to November and from 9 a.m. to 4 p.m. from November to December.

32. That at all times relevant, Plaintiff worked between 7-11 hours a day.

33. Upon commencement of employment, Plaintiff was compensated in cash at a flat rate of $650.00 per week, despite working significant overtime.

34. Within two months of employment, Plaintiff began to receive her compensation partly in check and cash.

35. Plaintiff received a weekly check of $300 and the remainder in cash until her employment ceased on December 16, 2019.

36. Moreover, Defendants also docked Plaintiff's pay when she called out of work due to an illness, in an amount ranging from $100 to $150.

37. That at all times relevant, Defendants intentionally compensated Plaintiff in cash to circumvent Federal, State, and local wage tax withholdings and reporting.

38. As a result, Defendants fraudulently benefited from fraudulent wage reporting and taxes by paying less or none of the employer wage taxes than other competitors and companies.

39. In fact, Defendants intentionally failed to maintain proper records of Plaintiff's hours as

well as the hours of all other employees to circumvent reporting regulations.

40. Defendants did not provide a wage notice to Plaintiff upon her hire or annually.

41. Defendants failed to deduct proper federal and state tax withholdings of Plaintiff's weekly compensation.

42. Defendants did not provide Plaintiff with a proper wage statement with each payment she received.

43. Although Plaintiff worked over forty hours per week, Defendants failed to pay her at the required overtime premium rate.

44. Upon information and belief, Defendant AYZENCOT orchestrated this wage scheme to avoid paying the minimum wage, overtime, and employee wage taxes to the Federal and State government.

**Defendants' Unlawful Corporate Policies and Schemes**

45. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages in direct contravention of the FLSA and NYLL.

46. In furtherance of this wage scheme, Defendants did not provide Plaintiff with proper wage notices and documents at the time of hire or by April 1 of each year.

47. Defendants failed to provide accurate wage statements to Plaintiff which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

48. Despite the fact that Plaintiff worked over forty (40) hours each week, Defendants did not pay overtime premiums of one and one-half (1.5) her hourly rate.

49. Defendants unlawfully failed to compensate Plaintiff at the lawful minimum wage and failed to compensate Plaintiff at the lawfully earned "spread of hours" premium in direct

contravention of the NYLL.

50. Defendants actions were willful, and showed reckless disregard for the provision of the FLSA, NYLL, and the Internal Revenue Code.

51. Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## COUNT 1
## VIOLATIONS OF FAIR LABOR STANDARDS ACT

52. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

53. By failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§201 et. seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

54. Moreover, Plaintiff worked hours for which she was not paid the statutory minimum wage. Defendants violated and continue to violate FLSA, 29 U.S.C. §§201 et. seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2) for their failure to compensate Plaintiff at the lawful minimum wage.

55. Defendants' failure to pay minimum wage and overtime caused Plaintiff to suffer loss of wages and interest thereon. Therefore, Plaintiff is entitled to recover from Defendants her unpaid wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATIONS OF NEW YORK LABOR LAW

56. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

57. Defendants willfully violated Plaintiff's rights by failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours each week, in violation of the NYLL and the regulations promulgated thereunder.

58. Moreover, Plaintiff worked hours for which she was not paid the statutory minimum wage. Defendants violated and continue to violate the NYLL for their failure to compensate Plaintiff at the lawful minimum wage.

59. Defendants also failed to compensate Plaintiff at the "spread of hours" premium for all days in which Plaintiff worked in excess of 10 hours a day.

60. Defendants' failure to pay minimum wage, spread of hours, and overtime caused Plaintiff to suffer loss of wages and interest thereon. Therefore, Plaintiff is entitled to recover from Defendants her unpaid wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) et seq.

## COUNT III
## NYLL – FAILURE TO PROVIDE WAGE STATEMENT

61. Plaintiff repeats, repeats and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

63. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred dollars ($100) for each workweek that the violations occurred or continue to occur, up to a maximum of two thousand five hundred dollars ($2,500), as provided for by NYLL, Article 6 §§ 190 et seq., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## COUNT IV
### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS TO IRS UNDER 26 U.S.C. §7434(a).

64. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which she was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff for all of the work Plaintiff performed during the course of her employment with the Defendants, and failing to properly withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

66. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent

information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and supporting regulations;

d. An award of compensatory damages as a result of Defendants' failure to pay, overtime compensation pursuant to the NYLL and supporting regulations;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper overtime compensation premium pursuant to the FLSA and NYLL;

f. An award of fifty dollars ($100.00) to Plaintiff for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of five thousand dollars ($5,000.00) for Plaintiff as provided for by NYLL, Article 6 § 198(1)-b;

g. An award of two hundred fifty dollars ($250.00) to Plaintiff each workweek that the violations of the NYLL, Article 6 § 195(3), pertaining to distribution of wage

    statements occurred or continues to occur, or a total of five thousand dollars ($5,000.00) for Plaintiff as provided by NYLL, Article 6 § 198(1)-d;

h.  An award of prejudgment and post-judgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j.  Statutory damages of $5,000.00 for Plaintiff pursuant to 26 U.S.C. § 7434(a);

k.  An award of damages resulting from additional tax debt and additional time and expenses associated with any necessary tax correction;

l.  All costs and attorney's fees incurred in prosecuting claims in violation of 26 U.S.C. § 7434; and

m.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: February 20, 2020
       New York, New York

                                                  Respectfully Submitted

                                                  **EMRE POLAT, PLLC**
                                                  EMPLOYMENT ATTORNEYS

                                                  */s/ Emre Polat*

                                                  _____
                                                  By: Emre Polat, Esq. (EP6063)
                                                  45 Broadway, Suite 1420
                                                  New York, New York 10006
                                                  Tel.: (212) 480-4500
                                                  emre@emrelaw.com
                                                  *Attorneys for Plaintiff*